The People of the State of New York, Respondent, v. Michael Franzese, True Name Nufrio Franzese, Appellant.— Judgment of the County Court of Nassau county, convicting appellant of the crime of assault in the second degree, reversed on the law and the facts and a new trial ordered, on the ground that the guilt of the appellant was not proved beyond a reasonable doubt. Lazansky, P. J., Carswell, Davis and Johnston, JJ., concur; Hagarty, J., votes for a reversal of the judgment and a dismissal of the indictment upon the ground that there is no evidence connecting the appellant with the commission of the crime charged.

The People of the State of New York ex rel. Timothy Daly, Appellant, v. John J. McElligott, as Commissioner of the Fire Department of the City of New York, Respondent.— Order vacating certiorari order and dismissing petition affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

The People of the State of New York ex rel. August Diedrick, Appellant, v. Peter J. McGuinness, as Sheriff, etc., Respondent; Antonio De Blasio, Judgment-Creditor.— On argument, order dismissing writ of habeas corpus and remanding the prisoner to the custody of the warden of the civil jail affirmed, without costs. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

Thomas M. Quinn, Appellant, v. Whitney's Cadillac Rental, Inc., and Caroline Whitney, Respondents.— Order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, in favor of defendants on their counterclaim, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

Bella Schoenbaum and Louis Schoenbaum, Appellants, v. Jac J. Alper, Respondent.— In an action brought by the plaintiffs to recover damages against the defendant, a dentist, for alleged malpractice, judgment in favor of defendant reversed on the law and a new trial granted, costs to the appellants to abide the went. We are of the opinion that, in view of the defendant's own admission as to his duty in the event that he fractured the jaw of the plaintiff wife, and on the whole case as presented by this record, the plaintiffs were entitled to a clear and unequivocal charge that, as a matter of law, it was the defendant's duty to disclose that condition to the plaintiff wife in order that she might submit herself to treatment. The question is presented by plaintiffs' exception to the charge as modified at folios 968-969 of the record. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.